IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DR. MATTHEW ROSENBOOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-cv-01043 |
| | ) | |
| SAE INSTITUTE OF TECH NASHVILLE CORP., | ) | Judge Richardson |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Matthew Rosenboom, a Tennessee resident proceeding pro se, filed a Complaint alleging employment retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). (Doc. No. 1). He later filed a First Amended Complaint, which is now the operative complaint in this action. (Doc. No. 7).

## I. APPLICATION TO PROCEED IFP

Plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.). Based on review of the IFP Application, the Court finds that Plaintiff cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff's motion to ascertain status of the IFP Application (Doc. No. 8) is **GRANTED**. The IFP Application has now been resolved.

## II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Amended Complaint or any portion of it that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2)(B). To avoid dismissal for failure to state a claim, the Amended Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010). In making the plausibility determination, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City,* 87 F.4th at 749.

Plaintiff alleges that Defendant placed him on a performance improvement plan ("PIP") in May 2024. (Doc. No. 7 at 6). Plaintiff reasonably believed that the PIP was applied less favorably to him than to other employees due to his race, sex, and age. (*Id.*) Plaintiff spoke to human resources and filed a charge with the Tennessee Human Rights Commission (THRC) and the Equal Employment Opportunity Commission (EEOC). (*Id.* at 6−7). Eight days after Plaintiff informed a supervisor that he had filed the charge, he was notified of his termination. (*Id.* at 7). Before the PIP

and termination, Plaintiff had received consistently positive performance reviews from 2020 through 2023. (*Id.* at 4, 8).

Plaintiff contends that he was terminated in retaliation for protected activity in violation of Title VII and the ADEA. (*Id.* at 9–10). At this early stage, accepting Plaintiff's factual allegations and reasonable inferences therefrom as true and construing the Amended Complaint in his favor, the Court will allow Plaintiff's retaliation claims to proceed against Defendant.

## III. FURTHER PROCEEDINGS

As explained above, the Amended Complaint states nonfrivolous claims that will proceed for further development. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for Defendant SAE Institute of Tech Nashville Corp. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The above determination that the Amended Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss any claim under Rule 12 of the Federal Rules of Civil Procedure.

Plaintiff is cautioned that he must keep the Court informed of his current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b).

Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE